UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>ANGELA LYNN MANSFIELD,<br>Debtor. | Case No. 11-28949 EEB<br>Chapter 13 |

**ORDER DENYING CONFIRMATION OF AMENDED PLAN**
**(IMPROPER DEDUCTION FOR HOME MAINTENANCE)**

THIS MATTER comes before the Court on the Debtor's Amended Chapter 13 Plan of October 3, 2011 (the "Plan"), and the Objection filed by Sally Zeman, Standing Chapter 13 trustee (the "Trustee"). The parties have submitted this matter to the Court on briefs. The Trustee claims that the Debtor has not committed all of her projected disposable income in her Plan because she has taken an improper deduction of $250 per month for home maintenance and repairs, in addition to the standard IRS deduction for non-mortgage housing-related expenses. With the deduction, the Plan proposes to pay $16,058 to the Class Four unsecured creditors. Without the deduction, the Debtor's monthly disposable income on Form 22C would nearly double, dictating that Class Four must receive $30,172.20 through the Plan.

**I.      Discussion**

When the trustee or the holder of an allowed unsecured claim objects to confirmation, the court cannot approve the plan unless it provides that all of the debtor's projected disposable income to be received during the applicable commitment period will be paid to unsecured creditors in the plan. 11 U.S.C. § 1325(b)(1)(B).[1] Section 1325(b)(2) defines "disposable income" as a debtor's "current monthly income" (defined by § 101(10A)) less amounts "reasonably necessary" to be expended for the maintenance or support of the debtor or a dependent of the debtor. The "amounts reasonably necessary to be expended" by an above-median income debtor, such as the Debtor in this case, are to be determined in accordance with §§ 707(b)(2)(A) and (B), which forms a part of the formula applied in Chapter 7 cases, known as the "Means Test." § 1325(b)(3).

In turn, § 707(b)(2) lists six types of expenses that a debtor may deduct in determining her disposable income: (A) the applicable amounts specified in the National and Local Standards; (B) the actual amount of expenses for the categories specified as "Other Necessary Expenses;" (C) the additional expense deductions enumerated in § 707(b)(2)(A)(I) – (V) (the "Additional Deductions"); (D) monthly payments on secured debts; (E) payments of priority claims; and (F) additional actual expenses for which the debtor can establish "special circumstances" (the "Special Circumstances Deductions"). No one contends that the $250 repair

---

[1] Unless otherwise indicated, references to "§" or "Section" shall refer to Title 11, United States Code.

1

allowance falls under the secured or priority debt allowances. The Debtor has argued that she is allowed to take this added home maintenance deduction under either the Local Standards or as an Additional Deduction on Line 42 of Form 22C. The Court will further consider whether this expense may be properly claimed as an Other Necessary Expense or as a Special Circumstance Deduction.

### A. Local Standard Deduction for Housing-Related Costs

The IRS Local Standards include deductions for housing and utilities. They cover "gas, electricity, water, fuel, oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, telephone, mortgage or rent, property taxes, interest, parking, *necessary maintenance and repair,* gas, homeowner's or renter's insurance, and homeowner's dues and condominium fees." Internal Revenue Manual 5.15.1.9 (May 1, 2004) (emphasis added). In order to claim these deductions, a debtor must consult the IRS table applicable to her place of residence. In this case, the Debtor resides in Jefferson County, Colorado. At the time of her petition date, Jefferson County residents were allocated a standard deduction for non-mortgage housing-related expenses of $472.

Is the Debtor allowed to enter a higher amount than this standard deduction if her actual expenses in this category exceed the standard deduction? The Supreme Court has recently answered this question with a resounding 'no.'

> Although the expense amounts in the Standards apply only if the debtor incurs the relevant expense, the debtor's out-of-pocket cost may well not control the amount of the deduction. If a debtor's actual expenses exceed the amounts listed in the tables, for example, the debtor may claim an allowance only for the specified sum, rather than for his real expenditures.

*Ransom v. FIA Card Serv., N.A.,* 131 S.Ct. 716, 727 (2010). Thus, expenses that fall within the National and Local Standards categories are "capped" at the amount set forth in the IRS tables. Since expenses attributable to home maintenance and repair are already encompassed in the Local Standard amount, the Debtor may only claim the $472 standard amount attributable to all of her non-mortgage housing-related expenses on line 25A.

### B. Additional Deductions -- Line 42 Expenses

The Debtor asserts that line 42 of Form 22C allows her to claim an additional amount "for housing and utilities" in excess of the allowance specified by the Local Standards and, therefore, she only needs to provide documentation of her actual expenses and demonstrate that they are reasonable and necessary. Section 707(b)(2)(A) enumerates seven "Additional Deductions" available to a debtor. A debtor who has expenses in these categories must demonstrate the actual amount of her expenses and that they are "reasonably necessary." If she is able to satisfy these prerequisites, then she may deduct the actual amount of her expenses rather than a standardized amount.

The Additional Deductions listed in 11 U.S.C. § 707(b)(2)(A)(ii) are: (1) health insurance, disability insurance and health savings account expenses for the debtor, debtor's spouse or dependents (§ 707(b)(2)(A)(ii)(I)); (2) expenses necessary to maintain the safety of the debtor and her family from family violence (§ 707(b)(2)(A)(ii)(I)); (3) additional amounts for food and clothing up to an additional 5% of the National Standard allowance (§ 707(b)(2)(A)(ii)(I)); (4) expenses for the care and support of elderly, chronically ill, or disabled household or family members who cannot support themselves ((A)(ii)(II)); (5) the chapter 13 trustee's administrative expenses for administering the plan up to 10% of projected plan payments ((A)(ii)(III)); (6) educational expenses of minor children up to $1,775 per year per child that is not already accounted for in the National or Local Standards or Other Necessary Expenses referred to in § 707(b)(2)(A)(ii)(I) (§ 707(b)(2)(A)(ii)(IV); and (7) additional home energy costs (§ 707(b)(2)(A)(ii)(V)).

The Debtor claims that her home repair costs fall within the seventh category. If so, then she is entitled to deduct them on line 42 of her Form 22C. The seventh category covers expenses "in excess of the allowance specified by the Local Standards for housing and utilities issued by the Internal Revenue Service, based on actual expenses" but it is expressly limited to expenses incurred for "home energy costs." It makes no mention of home maintenance or any other housing-related expenses.

In this case, the Debtor has entered the amount of $540.70 on line 42. Neither party explained to the Court what was included in this figure. Since the Trustee has only objected to $250 of this figure attributable to home repairs, the Court assumes that the balance of this deduction is related to additional home energy costs and, therefore, is properly claimed on line 42. The portion of this figure attributable to home maintenance, however, is not properly claimed as an Additional Deduction.

### C. "Other Necessary Expenses"

Next the Court considers whether the Debtor's home maintenance allowance qualifies as an "Other Necessary Expense." If an expense fits within this definition, then the debtor may deduct the actual expense amount, if it is reasonable and necessary, no matter how high the expense may be. *Ransom v. FIA Card Serv., N.A.*, 131 S.Ct.at 727. These expenses, like the Additional Deductions, are not "capped" or restricted to a standard amount.

Section 707(b)(2)(A)(ii)(I) allows a debtor to deduct "the debtor's actual monthly expenses *for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service. . . .*" (emphasis added). The IRS publishes the list of Other Necessary Expenses in a section of the Internal Revenue Manual. The version of that section in effect on the petition date in this case is the version that was adopted on October 2, 2009. It lists the following categories as Other Necessary Expenses:

> accounting and legal fees, charitable contributions, child care, court-ordered payments, dependent care, education, involuntary deductions, life insurance, secured or legally

3

>perfected debts, unsecured debts, taxes, optional telephones and telephone services, student loans, internet provider/e-mail, and repayment of loans made for payment of federal taxes.

Internal Revenue Manual, Financial Analysis Handbook, § 5.15.10, http://www.irs.gov/irm/part5/irm_05-015-001.html#d0e1381. The IRS updates the Manual and the list of Other Necessary Expenses from time to time. A prior version included "health care costs," but this category has been removed from the present list. Form 22C, however, has not yet been updated to delete its reference to health care costs. Thus, the Manual, rather than the form, must be consulted to determine what categories of expenses fit within the definition of an Other Necessary Expense.

If an expense does not fit into one of the enumerated categories, the expense may not be deducted as an "Other Necessary Expense." *See*, *e.g.,* In *re Turner,* 376 B.R. 370, 375 (Bankr. D. N.H. 2007); *In re Scarafiotti*, 375 B.R. 618, 635 (Bankr. D. Colo. 2007); *In re Lara,* 347 B.R. 198, 204 (Bankr. N.D. Tex. 2006). "Home maintenance" is not one of the specified Other Necessary Expenses.

### D. Special Circumstances

The Supreme Court has recently interpreted the Means Test in the context of determining what is "projected disposable income" in a Chapter 13 case on two occasions. *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010); *Ransom v. FIA Card Serv., N.A.,* 131 S.Ct. 716 (2010). However, it has not yet addressed the specific question of whether Chapter 13 debtors may plead "special circumstances" in order to deduct additional expenses that are not accounted for in the National or Local Standards, the Additional Deductions, or the Other Necessary Expenses. If this avenue is available to Chapter 13 debtors, it requires debtors to: (1) itemize each additional expense; (2) provide documentation to support each expense; (3) give a detailed explanation that demonstrates the expense is necessary and reasonable; and (4) demonstrate that there is no reasonable alternative other than to allow the additional expense. 11 U.S.C. § 707(b)(2)(B).

In addition, the statute implies that the "special circumstance" must involve some type of exigency or basic necessity. It provides two examples of "special circumstances" - a serious medical condition or a call or order to active duty in the Armed Forces. § 707(b)(2)(B)(i). These examples are illustrative only, but they demonstrate that a "special circumstance" is not one that is common to most debtors. *In re Scarafiotti*, 375 B.R. at 632-33. Home maintenance and repair costs, on the other hand, are common to all homeowner debtors.

This is not to say that a debtor could never demonstrate "special circumstances" for additional deductions for home repairs. In *In re Barbutes*, 436 B.R. 518 (Bankr. M.D. Tenn. 2010), the court found special circumstances justifying the deduction of an additional home maintenance expense of $454.50. In *Barbutes,* the debtor-wife was working a full-time job that exacerbated her chronic back pain, debtor-husband was working two jobs, and the debtors were providing housing to their daughter and her disabled, navy veteran husband while the couple was working to achieve financial independence. This family, that was struggling so hard to make

ends meet, lived in a home that was in a state of serious disrepair. It required well-documented and extensive maintenance in order to provide this family with basic shelter. The debtors presented evidence that alternative housing would not provide relief because, in its current state, the home would sell at a loss and rental rates would have been more costly.

In this case, the Debtor has made an insufficient showing that the additional $250 she wishes to deduct qualifies as a special circumstance. The Debtor lives in a house that was built in 1984. She has not provided any evidence that it requires immediate repairs in order to provide basic shelter. In support of her argument that $250 a month for home maintenance is reasonable and necessary, the Debtor offers a report of Blue Ribbon Home Warranty, Inc., in which it estimates that 1-3% of a home's value is a reasonable amount for *any homeowner* to budget for home maintenance. Her argument only highlights the fact that the claimed expense is one that is common to virtually anyone owning a home. While the condition of the Debtor's home may decline over the life of the Plan, she has not demonstrated that the present condition of her home is such that she has a "special" need for an additional allowance for home maintenance.

## II. Conclusion

Below-median income debtors are only required to prove that their expenses are reasonable and necessary. In this case, the Debtor is essentially asking the Court to apply this same standard to her case. But Congress chose to subject above-median income debtors to the rigid and inflexible formula set forth in the Means Test. It requires the Debtor to demonstrate that all of her deductions fit within the narrow confines of either the National or Local Standards, the Additional Deductions, or the Other Necessary Expenses. It is uncertain whether Chapter 13 debtors may also demonstrate "special circumstances" to justify additional deductions. If this form of relief is available, the Chapter 13 debtor must satisfy the statute's strict test for "special circumstances." The Debtor in this case has failed to show that her $250 home maintenance budget fits within any of the permissive categories. Finding no support for this deduction, the Court sustains the Trustee's Objection and denies confirmation of the Plan.

The Debtor shall file and serve a new plan and notice, in substantial compliance with L.B.F. 3017-1.7, **within 21 days of the date of this Order**, failing which this case may be dismissed without further notice or hearing.

DATED this 15th day of March, 2012.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown
United States Bankruptcy Judge

5